IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONSTRUCTORA ANDRADE GUTIERREZ, S.A., **Plaintiff** v. AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO, **Defendant and Third-Party Plaintiff** v. C&M CONSTRUCTORA, S.A., **Third-Party Defendant** | **CIVIL NO.** 99-1811 (JAG) |

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff Constructora Andrade Gutierrez's ("CAG") motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) (Docket No. 117). Through its motion, CAG seeks that the Court amend its judgment of November 1, 2004 (Docket No. 116) to include an award of pre-judgment interest. Defendant American International Insurance Company of Puerto Rico ("AIICO") duly opposed the motion (Docket No. 122). For the reasons discussed below, the Court **GRANTS** CAG's motion.

Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure mandates the imposition of prejudgment interest "on the party that has acted rashly." "In a diversity case in which the substantive law of Puerto Rico supplies the basis of decision, a federal court

Civil No. 99-1811 (JAG)                                                   2

must give effect to Rule[] 44.3(b) of the Puerto Rico Rules of Civil Procedure." <u>Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico</u>, 167 F.3d 1, 14 (1st Cir. 1999). "Moreover, because these rules speak in imperatives, the imposition of . . . prejudgment interest is obligatory once the district court makes a threshold finding that a party has acted with obstinacy." <u>Id.</u>[1] However, "[r]elief under the rule will not be automatically granted to the prevailing party." <u>Nuñez Santiago v. Puerto Rico Elec. Power Authority</u>, 206 F.Supp.2d 231, 233 (D.P.R. 2002).  The primary purpose of the rule is "to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation." <u>Vicente Fernandez Marino v. San Juan Cement Co.</u>, 118 D.P.R. 713, 18 P.R. Offic. Trans. 823, 830 (1987).  "A party shall be found obstinate if it 'engages in actions which (a) make necessary litigation which could have been avoided, (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks.'" <u>Correa v. Cruisers, a Div. of KCS Intern., Inc.</u>, 125 F.Supp.2d 578, 582 (D.P.R. 2000)

---

[1] The Court notes that CAG would also be entitled to attorney's fees after a finding of obstinacy pursuant to Rule 44.1(d). Although there is a reference to attorney's fees in the docket entry, however, the Court does not consider that CAG made a proper request for attorney's fees since the only remedy requested throughout the motion is that of prejudgment interest.

Civil No. 99-1811 (JAG)                                              3

(quoting <u>Newell Puerto Rico, Ltd. v. Rubbermaid Inc.</u>, 20 F.3d 15, 24 (1st Cir. 1994)).

In this case, the Court finds that AIICO has acted in an obstinate manner. The Court has previously found that the terms of the performance bond here at issue were clear and specific so that only one interpretation was possible without the need to examine the parties' intent. (<u>See</u> Docket Nos. 89 at 7; 115 at 3-4). Thus, in accordance with its terms, AIICO had an "irrevocable and unconditional" obligation to pay CAG upon (1) written notification before the performance bond's expiration date, (2) stating the amount to be paid and that the contractor had not performed its contractual obligations. No other conditions or limitations were placed before AIICO was obligated to make the payment.

There is evidence that CAG properly and timely made the demand for payment. AIICO, however, did not make the payment, forcing CAG to file this suit in order to enforce the terms of the performance bond. Thus, this litigation could have been avoided in its entirety had AIICO complied with the clear and unambiguous terms of the performance bond.

Moreover, in defending itself AIICO has raised arguments that contradict the clear and unambiguous terms of the performance bond. Even in its opposition to the motion to alter judgment, AIICO continues to argue that other conditions, though not on the face of the performance bond, needed to be fulfilled before its obligation

Civil No. 99-1811 (JAG)                                                   4

to make payment accrued.  Thus, AIICO's arguments run contrary to established law and served no purpose but to unnecessarily prolong this litigation, which was filed six years ago.

     Therefore, in this case where the terms of the performance bond were clear and unambiguous, by refusing to make payment to CAG when it made the demand and by unnecessarily prolonging this case, the Court must find that AIICO acted obstinately.  Having so found, an award of prejudgment interest in favor of CAG is mandated by Rule 44.3(b) and the Court will amend its judgment accordingly.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 13th day of July 2005.

     <u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge